[No. 15010.   Department One.   January 6, 1919.]

THE STATE OF WASHINGTON, *on the Relation of Alfred H. Lundin, Prosecuting Attorney of King County, Appellant,* v. MERCHANTS PROTECTIVE CORPORATION, *Respondent.*[1]

CORPORATIONS (141)—POWERS—LEGALITY OF BUSINESS—PRACTICE OF LAW. A "Merchants Protective Corporation" ostensibly organized to "collect accounts" due its members, but whose sole operation is to solicit legal business for attorneys through the issuance of membership cards which directly challenge its articles and engage, in consideration of a fee, to attend to certain legal business of its members free of charge, is engaged in the practice of law, which is not open to a commercial corporation, and has no right to do business in this state or legal excuse for existence.

Appeal from a judgment of the superior court for King county, Ronald, J., entered May 25, 1918, dis-

[1]Reported in 177 Pac. 694.

missing proceedings in *quo warranto,* upon sustaining a challenge to the sufficiency of the evidence. Reversed.

*Alfred H. Lundin,* for appellant.

*R. L. Blewett,* for respondent.

CHADWICK, J.—This is a proceeding in *quo warranto,* brought by the prosecuting attorney of King county to inquire as to the right of the respondent to do business in the state of Washington. The respondent is a corporation organized under the laws of the state of Indiana, and has complied with the laws of this state by the filing of proper certificates. The avowed object of the corporation, as stated in its articles of incorporation, is "the collection of accounts and bills receivable due its members and subscribers." Its method of operation is to engage an attorney at law, or a firm of attorneys, and to then send solicitors about the business community to solicit memberships. The membership fee is $10. When the solicitation for membership has been concluded, the respondent takes $9 of the membership fee and gives $1 to its attorneys. The considerations for the membership fee are recited in the certificate of membership which is handed to each member. They are as follows:

"The Merchants Protective Corporation
"(Incorporated 1913)
"Membership Certificate
"This is to certify that........................is admitted to membership in the above corporation, and is entitled to legal advice and consultation on all business, personal or private matters, without charge at the office of the attorneys retained by and at the expense of the above corporation, for the period of one year from the date hereof.

"Members are defended in all civil or criminal actions brought against them, at any time, in police or justice of the peace courts of this city, without charge, by our attorneys.

"Members receive legal advice and information on all new state laws or ordinances of this city, without charge. The object of this corporation is to protect the above member from loss through fraud, bad credits, bad checks, unfair claims, and to arbitrate all matters when dissension arises.

"Warning

"All persons committing crimes against the above member will be prosecuted to the full extent of the law.

"In witness whereof, the corporation has caused this certificate to be signed by its duly authorized officer and sealed with the seal of the company this .............. day of July, ......

"(Corporate Seal)        ·        S. Reiker, President.

"Gill, Hoyt & Frye
"Attorneys-at-Law
"426-27-28-29 Colman Building
"Seattle, Wash."

When the membership fee is collected and divided between the respondent and the attorneys, the work of the respondent is done. As said in the case of *In re Gill,* 104 Wash. 160, 176 Pac. 11:

"It plainly appears that the Merchants Protective Corporation has no business in Seattle or elsewhere other than the solicitation of members and the collecting of the membership fees, the larger part of which fees are retained by the corporation, the balance being turned over to attorneys with whom it may have entered into contracts of this nature, in a number of different cities and towns throughout the country."

Respondent maintains no offices, but, on the contrary, as was said by one of its officers, the attorneys from thenceforward become, and are, to all intents and purposes, the corporation.

The relator contends that, by its manner of doing business, respondent is practicing law, and that the statutes of this state afford no warrant for such practice by a corporation. The methods of the respondent are so elusive that it is extremely difficult to treat the case from any certain premise. Technically speaking, whatever the avowed purpose of the respondent may be, and whatever its holding out to its subscribers may imply, it can hardly be said that it is engaged in the practice of the law; for, as we have indicated, its only function seems to be to collect a membership fee and leave the shell of its existence in the hands of some lawyer or firm of lawyers who are willing to receive business through such methods of solicitation. On the other hand, and if its object as declared in its articles be rejected and the promises of the respondent as contained in its certificate of membership are retained, there can be but slight question that it is unlawfully engaged in the practice of the law. For certainly, if it be a corporate entity, it is in no position to urge that it is not responsible to its subscribers, or that it could not be held to answer under its contract to furnish legal advice and consultation upon all personal business or private matters, or that it will not defend in all civil or criminal actions brought against a member at any time in the police court or justice courts, without charge by its attorneys; or that it has not undertaken to give legal advice or information on all new state laws or ordinances of the city, or that it should not be bound to prosecute to the full extent of the law all persons committing crimes against the members from whom it has accepted a fee.

Counsel seek to avoid an inquisition of the conduct of the respondent by urging that its object as declared in its articles is lawful, and that its conduct is in line

with that of all of the prominent mercantile agencies in this country. If this were the end of our inquiry, it may be that respondent would be held to be within the law. But upon an inquiry of this kind we cannot conclude our investigation by a simple perusal of the articles, but are compelled to notice the conduct of respondent and inquire whether, in the pursuit of a lawful purpose, it has done or is doing that which may be condemned. Its certificate of membership challenges directly the recitation in its articles, i. e., "the collection of accounts and bills receivable due its members and subscribers." Its secretary, Mr. Cohen, says:

"It aims to give them the service as set out in that certificate there *and* to collect their bills, checks or notes or whatever they may have. . . . It simply brings the business men and the attorneys together."

We are convinced, therefore, that the respondent corporation is either a mere pretense for the gathering of money, without thought or intent of carrying out its declared object in good faith, or that, if it is a responsible body, it is engaged as a corporation in the practice of the law. It must take one position or the other. If it is the one, there is no legal excuse for its existence, certainly none for its doing business in the state of Washington, for it is no more than a broker soliciting legal business for lawyers who are to become principals in the transaction, which of itself would make them amenable to discipline. If it is the other, it is a principal doing business through its agents (its attorneys); it is violating the letter and the spirit of our law, as well as a sound public policy. If it is doing the things that it assumes to do in its articles, it is giving legal advice and counsel, and prosecuting without fee, other than the membership fee, the suits of its subscribers in the police and justice courts,

and it is advising them upon all state laws and city ordinances, and will, if need be, prosecute criminally those who have offended against its membership. This is a practice of the law. *Meisel & Co. v. National Jewelers' Board of Trade,* 90 Misc. Rep. 19, 152 N. Y. Supp. 913; *Savings Bank v. Ward,* 100 U. S. 195; Thornton, Attorneys at Law, § 69.

The practice of the law is not a business that is open to a commercial corporation.

"Since, as has been seen, the practice of law is not a lawful business except for members of the bar who have complied with all the conditions required by statute and the rules of the courts, and as these conditions cannot be performed by a corporation, it follows that the practice of law is not a lawful business for a corporation to engage in. As it cannot practice law directly, it cannot do so indirectly, by employing competent lawyers to practice for it, as that would be an evasion which the law will not tolerate." 2 R. C. L. 946.

See, also, *In re Co-operative Law Co.,* 198 N. Y. 479, 92 N. E. 15, 139 Am. St. 839, 32 L. R. A. (N. S.) 55.

The practice of the law is a personal right, and that the public may not be imposed upon by the unworthy, the law requires that those engaged in practice shall be men of good moral character and with certain qualifications and a degree of learning, to be ascertained by the agents, not of the courts, but of the whole people speaking through the legislative body. The right to practice law attaches to the individual and dies with him. It cannot be made a subject of business to be sheltered under the cloak of a corporation having marketable shares descendible under the laws of inheritance. One engaged in the practice of the law is subject to personal discipline for misconduct and to penalties for violating the ethics of the profession that could not possibly attach to a corporate body.

When stripped of all fabrication, the respondent has taken money from its subscribers under a contract of retainer to care for their legal business to the extent declared in its certificate of membership. This the law, as well as the policy of the law governing the admission and conduct of attorneys, forbids.

Other questions are raised in the briefs, but being satisfied that respondent is acting either in excess of its corporate powers or is, in fact, practicing law as a principal through its agents—for, if its certificate be a contract, it has engaged to do all that any reputable lawyer could do under a contract of employment—the judgment of the lower court will be reversed and a judgment of ouster directed.

MAIN, C. J., MITCHELL, MACKINTOSH, and TOLMAN, JJ., concur.