[Civ. No. 4607. Second Appellate District, Division Two.—February 1, 1926.]

## THE PEOPLE ex rel. LOS ANGELES BAR ASSOCIATION, Respondent, v. CALIFORNIA PROTECTIVE CORPORATION, Appellant.

[1] APPEAL — ORDER DENYING MOTION TO RETAX COSTS — ENTRY OF JUDGMENTS—TIME—PRESUMPTIONS.—Upon appeal from a judgment and from an order denying defendant's motion to retax costs, taken on the judgment-roll alone, without any bill of exceptions, where it cannot be determined whether the order denying the motion to retax costs was made before or after entry of the judgment, it will be assumed that it was made after judgment and that the appeal is from an appealable order.

[2] CORPORATIONS—PERFORMANCE OF LEGAL SERVICES—OUSTER—PLEADING—QUO WARRANTO.—In a proceeding in *quo warranto* brought by the attorney-general in the name of the people upon the relation of a bar association to exclude a corporation from the practice of law, to oust it from its corporate franchises, and to fine it in a specified sum, the complaint, which alleges that the corporation, as shown by its articles of incorporation, was incorporated for the purpose of collecting debts due its members or clients and employing and paying attorneys for legal services rendered its members or clients, and that, in accordance with contracts entered into with its patrons, the corporation agreed to employ, and

---

1. See 7 Cal. Jur. 298, 299.

did employ, attorneys to render such legal services at a stipulated rate per annum, is sufficient to state a cause of action.

[3] Id.—Contracts to Employ Attorneys—Practice of Law.—A corporation contracting with its members or clients to employ attorneys as its agents to furnish them with legal services for a specified annual fee is engaged in the practice of law.

[4] Id.—Practice of Law.—A corporation can neither practice law nor hire lawyers to carry on the business of practicing law for it.

[5] Id.—Inapplicability of Section 286, Civil Code.—The fact that the legislature has authorized, by section 286 of the Civil Code, the formation of corporations for any purpose for which individuals may lawfully associate themselves, does not make it lawful for a corporation to practice law.

[6] Attorney at Law—Right to Practice Law—Corporations.—Individuals who are duly licensed members of the bar may lawfully associate themselves in any unincorporated form of association for the practice of law, but may not associate themselves for the practice of law under the aegis of a corporation.

[7] Corporations — Practice of Law — Franchises — Ouster — Quo Warranto.—The right to practice law is in the nature of a franchise from the state, and when a corporation is assuming to exercise a privilege or franchise which it is unlawful for it to exercise, a proceeding in *quo warranto* lies to secure a judgment of ouster and seizure of its franchises.

[8] Id.—Forfeiture of Franchise—Quo Warranto—Relation of Bar Association.—A proceeding in *quo warranto* brought by the attorney-general to exclude a corporation from the practice of law and to oust it from all corporate franchises, and to fine it in a specified sum, is a matter of public concern, and the addition of the name of a bar association to the complaint in the capacity of a relator does not make it a private action.

[9] Appeal—Assertion of Error—Failure to Assign Reason—Review.—Where no authority is cited and no reason is assigned in support of an appellant's assertion that the trial court erred, the appellate court will not deem the matter as of sufficient importance to merit notice in an opinion.

[10] Id.—Judgment-roll—Evidence.—Where an appeal is taken on the judgment-roll alone, without any bill of exceptions, it necessarily

4.  See 2 R. C. L. 946.
7.  See 22 Cal. Jur. 209.
8.  See 22 Cal. Jur. 218.
9.  See 2 Cal. Jur. 732; 2 R. C. L. 178.
10.  See 2 Cal. Jur. 691.

is admitted that all evidence necessary to support the judgment was properly adduced.

[11] Id. — Judgments — Presumptions. — Every intendment and presumption, not contradicted by or inconsistent with the record on appeal, must be indulged in favor of the judgments of the superior court.

[12] Corporations — Unlawful Practice of Law — Usurpation of Franchise — Fines. — A corporation which wilfully usurps the franchise or privilege of practicing law is subject to a fine under section 809 of the Code of Civil Procedure, though its officers may not have realized that its acts were unlawful; it is enough that through its governing body it did the unlawful act purposely and willingly.

[13] Id. — Powers Lawfully Granted — Exercise of Unlawful Powers.—Where a corporation is formed under general laws, the law of the sovereign state from which its powers are derived, and not its articles of incorporation, must determine what powers have been lawfully granted, and if the incorporators under a general statute, in drawing their articles, assume to embody therein a power or privilege which the laws of the state do not permit, such assumed power or privilege is unauthorized and void; and though the corporation may be a valid corporate entity, and as such authorized to exercise its lawful powers, all acts done by it in the exercise of its assumption of unauthorized and illegal powers are invalid and unlawful.

[14] Appeal—Judgment-roll—Memorandum of Costs.—The memorandum of costs is no part of the judgment-roll; and if the costs are not regularly taxed it is incumbent upon appellant to bring up the memorandum of costs, the motion to retax and the affidavits, if any, presented therewith, in a bill of exceptions certified as settled by the trial judge, or else bring them up in the manner provided for by section 953a of the Code of Civil Procedure, and if the appellant fails in this regard, the appellate court cannot review an order denying appellant's motion to retax costs.

[15] Id.—Transcript—Certificate—Stipulations.—Where an appeal is on the judgment-roll alone, neither the certificate of the clerk nor the stipulations of the attorneys found at the end of the printed transcript on appeal can take the place of the judge's

11. See 2 Cal. Jur. 852, 884.

13. See 7 Cal. Jur. 50.

15. See 2 Cal. Jur. 632.

certificate so as to constitute the transcript a sufficient record under section 953a of the Code of Civil Procedure.

---

(1) 4 C. J., p. 790, n. 93 New.    (2) 6 C. J., p. 569, n. 37.    (3) 6 C. J., p. 569, n. 37; 14a C. J., p. 296, n. 63.    (4) 14a C. J., p. 296, n. 63, p. 297, n. 66.    (5) 14a C. J., p. 296, n. 63.    (6) 14a C. J., p. 296, n. 63.    (7) 6 C. J., p. 569, n. 30; 32 Cyc., p. 1425, n. 93, p. 1426, n. 2 New.    (8) 32 Cyc., p. 1445, n. 39.    (9) 3 C. J., p. 1428, n. 53, p. 1429, n. 55.    (10) 4 C. J., p. 735, n. 27, p. 786, n. 29.    (11) 4 C. J., p. 731, n. 81.    (12) 14a C. J., p. 345, n. 88; 40 Cyc., p. 941, n. 26, 28.    (13) 14 C. J., p. 139, n. 96, 97; 14a C. J., p. 250, n. 79 New.    (14) 4 C. J., p. 168, n. 36; 34 C. J., p. 88, n. 26.    (15) 4 C. J., p. 445, n. 65, p. 446, n. 70.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying motion to retax costs. Russ Avery, Judge. Affirmed.

The facts are stated in the opinion of the court.

Charles G. Young for Appellant.

U. S. Webb, Attorney-General, Leon French, Deputy Attorney-General, and Kenyon F. Lee for Respondent.

FINLAYSON, P. J.—This is a proceeding in *quo warranto* brought by the attorney-general in the name of the People, upon the information and complaint of the Los Angeles Bar Association, to exclude defendant from the practice of law, to oust it from all corporate franchises, and to fine it in the sum of $5,000.

Defendant filed a demurrer to the complaint, which was overruled. An answer was then filed which denied some, but not all, of the allegations of the complaint. In its answer defendant undertook again to demur to the complaint. The first demurrer was both general and special. It specified, as the sole ground for special demurrer, that plaintiff has not legal capacity to sue. The second demurrer was like the first, except that it added, as an additional ground of special demurrer, that there is a defect of parties defendant. The action came on for trial August 8, 1923, and defendant failing to appear, the court, after overruling the second demurrer, filed findings of fact in favor of plaintiff and entered a judgment which restrained the corporation from

the practice of law in this state, excluded it from the exercise of all corporate franchises in California, and imposed upon it a fine of $1,000. The judgment also provides that plaintiff shall recover costs, taxed in the sum of $84.05. [1] The appeal is from the judgment and from an order denying defendant's motion to retax costs. The appeal comes to us upon the judgment-roll alone, without any bill of exceptions. Whether the order denying defendant's motion to retax was made before or after the entry of the judgment does not appear from any duly authenticated record before us; but since such an order is appealable only when made after the entry of judgment (7 Cal. Jur. 298, 299), we shall assume, an appeal having been taken from that order, that it was made after judgment, and that, therefore, the appeal is from an appealable order.

Briefly, the case as alleged in the complaint is this: "The Los Angeles Bar Association is an unincorporated association of attorneys at law. The defendant, a corporation having its principal place of business in the city of Los Angeles, was incorporated under the laws of this state in November, 1921. The purposes for which it was incorporated, as set forth in its articles of incorporation, are "To collect debts due to its members or clients. To employ attorneys for its said members or clients, and to pay for such legal services for and on behalf of its said members or clients." Defendant has been, and still is, entering into contracts of employment with its "patrons" in the manner following: Each patron is required to sign an instrument entitled "Application for Contract," which document, omitting its caption and certain nonessentials, reads: "The undersigned herein agrees to take service contract with California Protective Corporation, Inc., for one year and to pay for same $24.00. Said California Protective Corporation, Inc., is authorized as agent to employ attorney for the undersigned for one year. With this application is paid to representative the sum of ——. Signed ——. Make all checks payable to the corporation. Cash or checks to accompany application." Upon the execution of this document by the patron and the payment by him of $24 to defendant, the latter delivers to the applicant an instrument entitled "Service Certificate." That instrument, omitting the caption and other nonessentials, reads: "This certifies

that —— has paid for one year from date hereof, and is entitled to the following service: Special yearly agreement with high class attorney whose name appears below and who will render the following legal services unlimited: Legal advice and consultation on all business, personal and private matters at the attorney's office. No charge. Legal papers—notes, mortgages, deeds, bills, leases, contracts, wills, partnership agreements, liens, attachments, notices, foreclosures, etc., drawn up or examined. No charge. (Stenographic fee only.)   Court work—Attorney will represent you in all civil or criminal actions in police or justice of the peace courts, of this city, without charge. Information and advice on new state laws and city ordinances, swindling schemes, counterfeits, fake charities, etc. Business rules, forms and business letters. No charge. . . . Application approved and contract issued this —— day of —— 192—.''

The answer admits the allegations which constitute the basis for the foregoing statement of the case shown by the complaint.

[2]   We think it clear that a cause of action is alleged in the complaint, and that the general demurrer was properly overruled.   It is manifest from the statement of the purposes for which appellant was incorporated, as set forth in its articles of incorporation, coupled with the terms and provisions of the contracts of employment which it has been and still is making with its patrons, members, or clients, that appellant is engaged in rendering legal services to any and all persons who are willing to pay it the sum of $24 for one year's service. Without doubt, the services which its patrons are entitled to receive from the attorneys in its employ constitute the "practice of law," as that term is generally understood alike by judges, lawyers, and laymen. (*People* v. *Merchants Protective Corp.*, 189 Cal. 531 [209 Pac. 363],—particularly page 535, and cases there cited.)   Equally clear is it that these attorneys are employed by appellant and paid by it.   In its articles of incorporation it is declared that one of the purposes for which it is incorporated is ''to *employ* attorneys for its said members and clients, and to *pay* for such legal service for and on behalf of its said members and clients.''   In the written applications which are signed by its patrons it is provided that appellant ''is authorized as agent to *employ* attorney for

the undersigned for one year.'' In the so-called "Service Certificate" which appellant signs and delivers to each of its patrons, it is declared that there shall be no charge to the patron for any of the legal services performed by the attorney. The $24 which the patron pays to the corporation is the only consideration which he gives for the legal services he is to receive. **[3]** It thus appears that the attorneys retained and paid by the corporation are its agents, and that their acts are its acts. It follows, therefore, from the admitted allegations of the complaint, that appellant was engaged in the practice of law. (*People* v. *Merchants Protective Corp., supra; State ex rel.* v. *Merchants Protective Corp.,* 105 Wash. 12 [177 Pac. 694]; *In re Co-operative Law Co.,* 198 N. Y. 479 [139 Am. St. Rep. 839, 19 Ann. Cas. 879, 32 L. R. A. (N. S.) 55, 92 N. E. 15].) **[4]** A corporation can neither practice law nor hire lawyers to carry on the business of practicing law for it. In Ruling Case Law (quoted in *People* v. *Merchants Protective Corp., supra*) it is said: "Since, as has been seen, the practice of law is not a lawful business except for members of the bar who have complied with all the conditions required by statute and the rules of the courts, and as these conditions cannot be performed by a corporation, it follows that the practice of law is not a lawful business for a corporation to engage in. As it cannot practice law directly, it cannot do so indirectly, by employing competent attorneys to practice for it, as that would be an evasion which the law will not tolerate." (2 R. C. L. 946.)

**[5]** The fact that the legislature has authorized the formation of corporations for any purpose for which individuals may "lawfully" associate themselves (sec. 286, Civ. Code) does not make it lawful for appellant to practice law. **[6]** It is true that individuals who are duly licensed members of the bar may "lawfully" associate themselves in any unincorporated form of association, such as a partnership, for the practice of law. But such individuals may not associate themselves for the practice of law under the aegis of a corporation. Though all the directors and officers of the corporation be duly licensed members of the legal profession, the practice of law by the corporation would be illegal nevertheless. At any time those directors and officers, by death or by the transfer of their shares,

might be succeeded by laymen none of whom possessed the right to practice law. As was said by the Washington supreme court in *State ex rel. Lundin* v. *Merchants Protective Corp., supra:* "The right to practice law attaches to the individual and dies with him. It cannot be made a subject of business sheltered under the cloak of a corporation having marketable shares descendible under the laws of inheritance."

[7] A proceeding in the nature of *quo warranto* is the proper remedy in this case. The right to practice law "is in the nature of a franchise from the state," says the court in *In re Co-operative Law Co., supra.* When a corporation is assuming to exercise a privilege or franchise which it is unlawful for it to exercise, a proceeding in *quo warranto* lies to secure a judgment of ouster and seizure of its franchise. In *People* v. *Dashaway Assn.*, 84 Cal. 117 [12 L. R. A. 117, 24 Pac. 278], it is said that when corporations "do acts which are not authorized or are forbidden them to do, the state may forfeit their franchises and dissolve them by an information in the nature of a *quo warranto.*" (See, also, *People* v. *Milk Producers Assn.*, 60 Cal. App. 439 [212 Pac. 957].)

[8] In support of its contention that respondent has no legal capacity to sue, appellant says that "the relator," the Los Angeles Bar Association, "is not a corporation and therefore has no standing in court to sue in the name of the association." This contention betrays an inexplicable misunderstanding of the nature of this proceeding and of the relation thereto of the "People" as plaintiff. The wrong of which complaint is made is of public, not private, concern. The only connection of the bar association with the case is shown by the opening of the complaint, wherein it is recited that the "People," by their attorney-general, "upon the information and complaint of the Los Angeles Bar Association," complain of defendant and allege the cause of action. The addition of the name of the bar association to the complaint did not make this a private action. It doubtless is true that the arm of the law moved as the result of information given to the attorney-general by the bar association; but that did not make the association the plaintiff in the action. In *People* v. *Sutter Street Ry. Co.*, 117 Cal. 612 [49 Pac. 737], the court says: "When the proceeding is in the interest of private persons, in whole or in part,

they are said to be by relation, and under the provisions of the code the relator may be required to give security for costs. . . . If the proceeding is one in which a private person can have no interest, the proceeding is not properly by relation. But the attorney-general had the power to institute the proceeding, and in either form it is by him. If unnecessarily he has added that it is by relation of a named person, that does no harm. It does not convert the proceeding into a private action." (See, also, *People* v. *Milk Producers Assn., supra;* and *People ex rel.* v. *Garrett,* 72 Cal. App. 452 [237 Pac. 829].)

[9]   What we thus far have said disposes of all the points presented by the first demurrer. Appellant makes no attempt to point out wherein the ruling on the second demurrer is erroneous. All that is said in appellant's brief upon this subject is that "the court erred as a matter of law in overruling the demurrer filed with defendant's answer." No authority is cited and no reason is assigned in support of appellant's bald assertion that the court erred. "It is due to this court from the members of the bar to point out clearly and concisely the rulings complained of as erroneous and the reasons why they are so, with reference to authorities, if any. In case counsel will not take the trouble to do so, we shall deem the matter as of not sufficient importance to merit notice in an opinion." (*People* v. *McLean,* 135 Cal. 309 [67 Pac. 771].)

[10]   Appellant claims that the trial court erred in rendering judgment without receiving any evidence in support of the complaint. Unfortunately for this contention there is nothing in the record to sustain it. As the appeal is taken upon the judgment-roll alone, without any bill of exceptions, it necessarily is admitted that all evidence necessary to support the judgment was properly adduced. [11] Every intendment and presumption, not contradicted by or inconsistent with the record on appeal, must be indulged in favor of judgments of the superior court. (2 Cal. Jur. 852.) This presumption is further fortified in this case by a clause in the judgment expressly reciting that evidence "was introduced in support of the petition." Moreover, as we already have pointed out, respondent was entitled to judgment upon the uncontradicted allegations of the complaint.

[12]    There is no merit in the claim that the court erred in imposing a fine of $1,000. It is not contended that in proceedings of this character the corporation is not subject to a fine under section 809 of the Code of Civil Procedure. What appellant does claim is (1) that no evidence was introduced to justify the fine, and (2) that it did not *wilfully* usurp the franchise or privilege of practicing law, since it did only that which its articles of incorporation purport to authorize. The claim that no evidence was introduced to warrant the fine has been disposed of by what has already been said. Equally without merit is the claim that appellant did not "wilfully" usurp the privilege of practicing law. What it did was done by it knowingly and intentionally, though its officers may not have realized that its acts were unlawful. It is enough that through its governing body it did the unlawful acts purposely and willingly. In this class of cases the fine is imposed as a punishment; and in so far as the infliction of this punishment is concerned the case bears a criminal aspect. "The judgment of fine," says the court in *People* v. *Sutter Street Ry. Co.,* 129 Cal. 545 [79 Am. St. Rep. 137, 62 Pac. 104], "was solely for the purpose of punishment, and was not based on any evidence of loss or damage . . . It would, we think, be more proper to speak of it as a sentence or judgment imposed on the defendant, than to say it was a judgment recovered against him. . . . The fine could be inflicted upon defendant only on its being 'adjudged guilty of usurping,' etc. (Code Civ. Proc., sec. 809); which further illustrates that the case has a criminal aspect as to this feature of it." The word "wilfully," as used in the criminal law, implies simply the purpose or willingness to commit the unlawful act. It does not require any intent to violate law or to injure another. When the law forbids an act to be done, and it is done intentionally, guilty intent is conclusively presumed although the offender was honestly mistaken as to the meaning of the law. (*People* v. *McCalla,* 63 Cal. App. 783 [220 Pac. 436].) The fact that appellant mistakenly supposed that its articles of incorporation gave it the right to practice law could be taken into consideration by the trial court, as it doubtless was, in fixing the amount of the fine; but appellant's belief that its conduct was lawful supplied no legal justification for its acts,

nor did it afford a reason why its unlawful usurpation of the privilege of practicing law should go unpunished.

It is argued that under its articles of incorporation a franchise to practice law was "granted" appellant by the state, and that, the franchise having thus been "granted," appellant should be allowed to exercise it "without being subjected to fine for doing so." The notion that the state "granted" a franchise to practice law involves a palpably mistaken conception of the principles governing this class of cases. While it is true that appellant usurped, or unlawfully exercised, the privilege or franchise of practicing law, it is not true that such privilege or franchise was "granted" to it. The practice of law by a corporation is, as we have seen, unlawful. The statute did not authorize appellant's incorporators to call it into being for an unlawful purpose. Mr. Fletcher, in his monumental work on private corporations, says: "In most of the states, perhaps in all, statutes expressly require that the purpose for which corporations are formed shall be lawful, or that they shall not be 'inconsistent with the constitution and laws of the state.' *Indeed, this would be implied in the absence of any express provision* [Italics ours], and it may therefore be laid down as the rule in all the states that a corporation cannot be organized for a purpose which renders it contrary to the common or statute law of the state, or contrary to public policy." (Fletcher's Cyclopedia of Corporations, vol. 1, sec. 114.) [13] Where a corporation is formed under general laws, the law of the sovereign state from which its powers are derived, and not its articles of incorporation, must determine what powers have been lawfully granted. If the incorporators under a general statute, in drawing their articles, assume to employ therein a power or a privilege which the laws of the state do not permit, such assumed power or privilege is unauthorized and void; and though the corporation may be a valid corporate entity, and as such authorized to exercise its lawful powers, all acts done by it in the exercise of its assumption of unauthorized and illegal power are invalid and unlawful. The rule is thus stated in Corpus Juris: "There is no valid incorporation if the purposes or powers specified in the charter, certificate, or articles of incorporation are illegal or unauthorized by the statute, even though they have been

approved by the court or officer, or have been filed; but it is established by a number of cases that if the incorporators under a general statute, in drawing their articles, certificate or charter, incorporate therein a grant or assumption of greater powers or privileges than the governing statute allows, this will not necessarily prevent them from becoming incorporated, since the law will reject the excessive powers or privileges as surplusage. *In such a case the illegal or unauthorized matter is void,* and all acts done in pursuance thereof will be invalid.'' (14 C. J., p. 139. Italics ours.)

We cannot review the order denying appellant's motion to retax costs, because of the insufficiency of the record on appeal. That record was prepared under the original method, and not under the alternative method sanctioned by section 953a et seq. of the Code of Civil Procedure. As we stated earlier in this opinion, there is no bill of exceptions in the record before us. [14] · The memorandum of costs is no part of the judgment-roll, and there is nothing on the face of the judgment to show that the trial court allowed any improper item of costs. If the costs were not regularly taxed it was incumbent upon appellant to bring up the memorandum of costs, the motion to retax and the affidavits, if any, presented therewith, in a bill of exceptions certified as settled by the trial judge, or else bring them up in the manner provided for by the alternative method. Appellant having failed in this regard, there is nothing before this court which we may consider. (*Kelly* v. *Mc-Kibben,* 54 Cal. 192.) [15] Neither the certificate of the clerk nor the stipulation of the attorneys found at the end of the printed transcript on appeal can take the place of the judge's certificate so as to constitute the transcript a sufficient record under section 953a. (*Pouchan* v. *Godeau,* 21 Cal. App. 365 [131 Pac. 879]. See, also, *Lesure* v. *Hutton,* 52 Cal. App. 711 [199 Pac. 549].)

The judgment and the order appealed from are affirmed.

Works, J., and Craig, J., concurred.