## PEOPLE *v.* CARROLL.

1. PHYSICIANS AND SURGEONS—DENTISTRY—REGULATION.

Regulation of the practice of medicine and dentistry or any calling or profession the exercise of which may affect the public health or safety is within the police power of the State.

2. CONSTITUTIONAL LAW—STATUTES—DENTAL PARLORS—LICENSES.

Statute requiring owner or operator of dental parlor to be a regularly licensed dentist *held*, not unconstitutional as denial of property right without due process by depriving an unlicensed person of his vested interest in parlor established under previous statute (Act No. 338, Pub. Acts 1907, as amended by Act No. 183, Pub. Acts 1913; Act No. 235, § 15, Pub. Acts 1933; Mich. Const. 1908, art. 2, § 16; U. S. Const., Am. 14, § 1).

3. STATUTES—TITLE OF ACT—TEST OF SUFFICIENCY.

Test applied as to sufficiency of title of an act is whether language of title is sufficient to give notice of the general subject of the legislative act and interests likely to be affected thereby.

4. SAME—TITLE OF ACT—STATEMENT OF OBJECT—CONSTITUTIONAL LAW.

Section of statute requiring owners and operators of dental parlors to be regularly licensed as dentists *held*, within scope of title of act regulating practice of dentistry and persons who may practice the same as well as providing penalties for violation thereof, hence title is not violative of constitutional provision as to sufficiency of title (Act No. 235, § 15, Pub. Acts 1933; Const. 1908, art. 5, § 21).

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted October 17, 1935. (Docket No. 130, Calendar No. 38,421.) Decided January 31, 1936.

John D. Carroll was convicted of being a partner in the operation of a dental parlor without being licensed as a dentist. Affirmed.

*Dunham & Sherk,* for appellant.

*Harry S. Toy,* Attorney General, *Bartel J. Jonkman,* Prosecuting Attorney, and *Fred N. Searl,* Assistant Prosecuting Attorney, for the people.

EDWARD M. SHARPE, J. Respondent was informed against for violation of Act No. 235, § 15, Pub. Acts 1933; and was charged with being a partner in the operation of a dental parlor contrary to the above

statute. He was tried and convicted. The record shows that respondent is not a licensed dentist, but has for more than 20 years been operating a dental parlor in Michigan under the name "New System Dentists" where all dental work was done by regularly licensed dentists; and at the time of the acts complained of he had three licensed dentists in his employ.

In his appeal respondent contends:

"1. That the act is unconstitutional and void in that it takes away from the respondent vested rights under Act No. 183, Pub. Acts 1913 (amendatory of Act No. 338, Pub. Acts 1907), in that the respondent did, prior to the effective date of said act, manage and have a financial interest in a dental parlor in Grand Rapids and has at all times thereafter continued to manage and operate said dental parlor.

"2. That Act No. 235, Pub. Acts 1933, violates the due process clauses of the State and Federal Constitutions (Mich. Const. 1908, art. 2, § 16; U. S. Const., Am. 14, § 1), in that it deprives the respondent of his property right to manage a dental parlor and have a property interest therein, where all dental work is done by reputable licensed dentists, and that the prohibition of said statute does not even remotely promote the public health and welfare.

"3. That the title to said act violates article 5, § 21, State Constitution, in that the act contains more than one object, and the purpose of the act is not embraced in the title."

Regulation of the practice of medicine and dentistry is within the police power of the State. We said in *People* v. *Phippin,* 70 Mich. 6, 23:

"It must be conceded from cases cited, that the legislature has power to define the qualifications of those who shall be licensed to practice those callings or professions the exercise of which may affect the public health or safety, and that this law would be

entirely constitutional in that view if it stopped short with prohibiting all except medical graduates from practicing."

See, also, *People* v. *Reetz*, 127 Mich. 87; *Locke* v. *Ionia Circuit Judge*, 184 Mich. 535; *People* v. *Blair*, 192 Mich. 183; *Graves* v. *Minnesota*, 272 U. S. 425 (47 Sup. Ct. 122); *Dent* v. *West Virginia*, 129 U. S. 114 (9 Sup. Ct. 231); *Lambert* v. *Yellowley*, 272 U. S. 581 (47 Sup. Ct. 210, 49 A. L. R. 575).

In *People* v. *Moorman*, 86 Mich. 433, this court held that the regulation of the practice of pharmacy was within the scope of the police power of the State.

In *People* v. *Painless Parker Dentist*, 85 Col. 304, 310 (275 Pac. 928), the court said in reference to the practice of dentistry:

"We are not concerned now with an ordinary trade or calling. Law, medicine and dentistry are generally considered as learned professions. Neither is an ordinary trade or calling which all citizens alike may pursue. The State in its sovereign capacity is vested with the indefinable police power which includes the power to conserve and protect the public health. Only those who are qualified by statute and experience to practice dentistry may do so, if the legislature sees fit so to ordain."

The next question that presents itself to us is the validity of a regulation requiring the owner or operator of a dental parlor to be a licensed practitioner. In *Winslow* v. *Kansas State Board of Dental Examiners*, 115 Kan. 450 (223 Pac. 308), the court said:

"Dentistry is a profession having to do with public health, and so is subject to regulation by the State. The purpose of regulation is to protect the public from ignorance, unskillfulness, unscrupulousness, deception, and fraud. To that end, the State

requires that the relation of the dental practitioner to his patients and patrons must be personal.''

''It has been recognized by the professions, by statutes and by decisions that a corporation offering professional services is not placed beyond legislative control by the fact that all the services in question are rendered by qualified members of the profession. See *People* v. *Title Guarantee & Trust Co.,* 227 N. Y. 366 (125 N. E. 666); *Tucker* v. *New York State Board of Pharmacy,* 127 Misc. Rep. 538 (217 N. Y. Supp. 217, 220); *Matter of Co-operative Law Co.,* 198 N. Y. 479 (92 N. E. 15, 32 L. R. A. [N. S.] 55, 139 Am. St. Rep. 839, 19 Ann. Cas. 879); *People, ex rel. Lawyers' Institute of San Diego,* v. *Merchants' Protective Corp.,* 189 Cal. 531 (209 Pac. 363); *New Jersey Photo Engraving Co.* v. *Carl Schonert & Sons, Inc.,* 95 N. J. Eq. 12 (122 Atl. 307); *Hodgen* v. *Commonwealth,* 142 Ky. 722 (135 S. W. 311).'' From the dissenting opinion by Justice Holmes in *Louis K. Liggett Co.* v. *Baldridge,* 278 U. S. 105, 115 (49 Sup. Ct. 57).

See, also, *State Board of Dental Examiners* v. *Savelle,* 90 Col. 177 (8 Pac. [2d] 693, 82 A. L. R. 1176); *Painless Parker* v. *Board of Dental Examiners,* 216 Cal. 285 (14 Pac. [2d] 67); *State* v. *Bailey Dental Co.,* 211 Iowa, 781 (234 N. W. 260).

Counsel for respondent cite *Louis K. Liggett Co.* v. *Baldridge, supra,* where the court held that a Pennsylvania statute requiring stockholders in corporations operating drug stores to be licensed pharmacists to be unconstitutional on the ground that, p. 113:

''Mere stock ownership in a corporation, owning and operating a drug store, can have no real or substantial relation to the public health, and that the act in question creates an unreasonable and unnecessary restriction upon private business.''

Respondent relies upon the case of *State* v. *Brown,* 37 Wash. 97 (79 Pac. 635, 68 L. R. A. 889, 107 Am. St. Rep. 798), which holds that the State could not require the owner of a dental office to be a licensed dentist. This case was decided in 1905, but in 1919 this same court held in *State, ex rel. Lundin, Pros. Atty.,* v. *Merchants' Protective Corp.,* 105 Wash. 12 (177 Pac. 694), that a corporation could not legally practice law.

It is a well-known fact that in the profession of dentistry the services rendered are personal and call for knowledge in a high degree and that to separate this knowledge from the power of control is an evil, the correction of which was attempted by the instant legislation. The evils which arise from divorcing the "power of control" from "knowledge" apply with equal force to a partnership as well as a corporation.

With the exception of *State* v. *Brown, supra,* the general rule is that it is within the police power of the State to impose reasonable regulations relative to the professions of law, medicine and dentistry. Courts distinguish between professions and businesses. In the latter, individuals may engage in the common occupations of life and laws which unnecessarily impair these rights must be held unconstitutional; but in the practice of a profession such as dentistry which has to do with personal privacy and where the licensee must possess skill and character, we think it is within the police power of a State to control and regulate the ownership and operation by a firm of a dental parlor as well as prescribe the qualifications of those who engage in its practice.

The title to Act No. 235, Pub. Acts 1933, does not violate Const. 1908, art. 5, § 21, which provides that:

"No law shall embrace more than one object, which shall be expressed in its title."

In *People* v. *Wohlford,* 226 Mich. 166, we said,

"The test to be applied is, whether the language of the title is sufficient to give notice of the general subject of the legislative act and the interests likely to be affected thereby."

The title to the above act provides for the regulation of the practice of dentistry and of persons who may practice the same, as well as penalties for violations thereof. The title fairly discloses the subject-matter of the act. No one would be surprised at the body and contents of the act.

We, therefore, hold that respondent being engaged in the operation of a dental parlor was engaged in the practice of dentistry contrary to the above act. The judgment of conviction is affirmed.

NORTH, C. J., and BUTZEL, BUSHNELL, and POTTER, JJ., concurred with EDWARD M. SHARPE, J. WIEST, J., concurred in the result.

FEAD, J. (*concurring*). I concur in the result because the relationship prohibited by the statute is that of being a partner in the operation of a dental parlor, *i. e.,* practicing dentistry, without being licensed as a dentist. The statute is a valid exercise of the police power of the State and does not infringe upon constitutional rights. *Semler* v. *Oregon State Board of Dental Examiners,* 294 U. S. 608 (55 Sup. Ct. 570); *Miller* v. *State Board of Medical Examiners,* 287 U. S. 563 (53 Sup. Ct. 6); 82 A. L. R. 1187, note.

NORTH, C. J., and BUTZEL, BUSHNELL, and POTTER, JJ., concurred with FEAD, J.

The late Justice NELSON SHARPE took no part in this decision.