[Civ. No. 11312.   Second Appellate District, Division One.—June 10, 1937.]

ELIZABETH IRVING BIXBY, Appellant, v. EMPSIE C. FREEMAN et al., Respondents.

Franklin P. Bull, George D. Higgins and W. Frank Shelley for Appellant.

O'Melveny, Tuller & Myers and Pierce Works for Respondents.

DORAN, J.—This is a motion to dismiss an appeal from a judgment after an order sustaining a demurrer without

leave to amend, or to affirm said judgment. The only valid claim asserted by appellant is, in substance, to the effect that the court by such order abused its discretion. It is simply urged by appellant, as a conclusion, that the complaint stated a cause of action.

Respondents moved to dismiss the appeal on various grounds, all of which appear to be well founded. As far back as *Brown* v. *Tolles,* 7 Cal. 398, 399, the court declared: "If a party complains of error, and seeks a reversal, it is due to us that he should show wherein the error consists." It was later declared in *People* v. *California Protective Corp.,* 76 Cal. App. 354, 362 [244 Pac. 1089], "Appellant makes no attempt to point out wherein the ruling on the second demurrer is erroneous. . . . 'It is due to this court from the members of the bar to point out clearly and concisely the rulings complained of as erroneous and the reasons why they are so, with reference to authorities, if any. In case counsel will not take the trouble to do so, we shall deem the matter as of not sufficient importance to merit notice in an opinion.' (*People* v. *McLean,* 135 Cal. 306, 309 [67 Pac. 770, 771].)"

The record does not reveal that appellant ever asked leave to amend, and it is held in *Haddad* v. *McDowell,* 213 Cal. 690 [3 Pac. (2d) 550], "The fact that it was sustained without leave to amend does not constitute reversible error in the absence of a request or application by the plaintiff for such permission. No contention is made by the plaintiff that he ever asked, or made any attempt, to amend his amended complaint after the court sustained the demurrer thereto. This question has frequently been before this court and in each and every instance the action of the trial court in sustaining a demurrer under such circumstances has been sustained."

Appellant's brief wholly fails to indicate the nature of the action, the relief sought or the specific error claimed to have been committed by the trial court, aside from the mere reiteration of the claim that it was error to sustain the demurrers without leave to amend.

Under such circumstances the motion should be and is granted, and the appeal, therefore, is dismissed.

Houser, P. J., and York, J., concurred.