**538** Matter of Tucker *v.* New York State Bd. of Pharmacy.

Supreme Court, June, 1926.                    [Vol. 127

---

In the Matter of the Application of Morris M. Tucker, Petitioner, for a Peremptory Order of Mandamus against New York State Board of Pharmacy, Respondent.

Supreme Court, Albany County, June, 1926.

Druggists — registration — Public Health Law, § 234, providing that " every pharmacy shall be owned by a licensed pharmacist " and containing exception protecting persons engaged in drug store business prior to enactment of statute is constitutional — application for peremptory mandamus order to compel transfer of pharmacy registration held by petitioner while operating drug store in Brooklyn prior to May, 1925 — petitioner, not licensed pharmacist, was dispossessed from Brooklyn store and on removing to Hudson was refused registration certificate — said refusal was arbitrary exercise of authority by State Board of Pharmacy — petitioner entitled to alternative order of mandamus where material allegations of petition have been put in issue by respondent.

Section 234 of the Public Health Law, which prescribes that every pharmacy shall be owned by a licensed pharmacist and every drug store shall be owned

by a licensed druggist, except that any person not a licensed pharmacist or a licensed druggist, who, at the time of the enactment of said statute owned a registered pharmacy or drug store might continue to own and conduct the same in accordance with the provisions of law relating to such pharmacies or drug stores, is constitutional and the Legislature in enacting said statute adopted a reasonable regulation well within the authority of the Constitution.

The petitioner, an unlicensed pharmacist, who, prior to May 10, 1925, owned and conducted a drug store in Brooklyn under a registration certificate issued to him by the State Board of Pharmacy, but by reason of being dispossessed from his premises stored various merchandise from his drug store pending removal to a new location, is entitled to an alternative order of mandamus directing the State Board of Pharmacy to transfer the registration certificate to petitioner from his former store address in Brooklyn to the address of his new store in Hudson, or show cause why such an order should not be obeyed.

If petitioner did not intend to abandon the drug business and with due diligence obtained a new location, the refusal of the State Board of Pharmacy to transfer his registration certificate within three months after he was forced to vacate from his original location, seems to be a very narrow and arbitrary construction of the exception contained in section 234 of the Public Health Law under which petitioner is protected by reason of the operation of his business prior to the enactment of that statute.

A peremptory order of mandamus cannot issue for the reason that the respondent has filed an answer in which certain of the material allegations of the petition are put in issue.

APPLICATION for a peremptory order of mandamus against the New York State Board of Pharmacy to direct that board to transfer the petitioner's registration certificate from 41 Manhattan avenue, Brooklyn, to 307 Warren street, Hudson, N. Y.

*Horowitz & Sanders* [*Jacob J. Horowitz* of counsel], for the petitioner.

*Albert Ottinger, Attorney-General* [*Maurice J. Kaman* of counsel], for the respondent.

STALEY, J. Prior to May 10, 1925, the petitioner owned and conducted a drug store at 41 Manhattan avenue, Brooklyn, N. Y., under a registration certificate issued to him by the New York Board of Pharmacy. The petitioner was not a licensed pharmacist.

On or about May 10, 1925, petitioner was dispossessed from his drug store by certain legal proceedings brought in Supreme Court, Kings county.

It further appears from the petition that after petitioner was dispossessed he stored various merchandise from his drug store for the purpose of removing the same to a new store or a new location. On the twenty-second of May petitioner notified the State Board of Pharmacy that he had been dispossessed and was looking for another location, and asked whether or not it was necessary for him to do anything in order to retain his registration.

It further appears from the petition that on or about the 15th

day of August, 1925, petitioner opened a drug store at 307 Warren street, in the city of Hudson, N. Y., and removed the merchandise which he had stored to his Hudson store. The petitioner sent his registration certificate to the Board to have it indorsed over to his new address, but the Board refused to transfer the registration.

The petitioner alleges the suspension from ownership and conduct of his drug store was the result of legal proceedings not voluntary on his part.

The question presented is whether or not the statute relating to the licensing of drug stores contained in section 234 of the Public Health Law (as amd. by Laws of 1923, chap. 269) requires the issuance by the Board of a certificate of registration permitting the petitioner to conduct the Hudson pharmacy.

Section 234 of the Public Health Law, in so far as it relates to the matter here in issue, is as follows: " Every pharmacy shall be owned by a licensed pharmacist and every drug store shall be owned by a licensed druggist; and no copartnership shall own a pharmacy unless all the partners are licensed pharmacists and no copartnerships shall own a drug store unless all the partners are licensed druggists; except that any corporation, organized and existing under the laws of the State of New York or of any other State of the United States and authorized to do business in the State of New York and empowered by its charter to own and conduct pharmacies or drug stores, and, at the time of the passage of this act, still owns and conducts a registered pharmacy or pharmacies or a registered drug store or drug stores in the State of New York, may continue to own and conduct the same and may establish and own additional pharmacies or drug stores in accordance with the provisions of this article, but any such corporation which shall not continue to own at least one of the pharmacies or drug stores theretofore owned by it or ceases to be actively engaged in the practice of pharmacy, shall not be permitted thereafter to own a pharmacy or a drug store; and except that any person, not a licensed pharmacist or a licensed druggist, who at the time of the passage of this act owns a registered pharmacy or a registered drug store in the State of New York, may continue to own and conduct the same in accordance with the provisions of this article."

This section provides that every pharmacy should be owned by a licensed pharmacist, and every drug store should be owned by a licensed druggist, except that any person not a licensed pharmacist or a licensed druggist, who at the time of the passage of the statute in question, owned a registered pharmacy or registered drug store might continue to own and conduct the same in accordance with the provisions of law relating to such pharmacies and drug stores.

This exception must be given a reasonable interpretation as it was undoubtedly designed to protect those persons who prior to the statute had been engaged in the business of conducting a drug store or pharmacy.  Protection was afforded to a person engaged in the business of keeping a drug store or pharmacy, for the statute so reads.  The privilege was given to a person who was engaged in the business of conducting the drug store and pharmacy and was not designed to protect a pharmacy or drug business irrespective of the person conducting it.

It would be a very narrow and arbitrary construction of the exception to hold that if a particular drug store conducted by a person not a licensed pharmacist was destroyed by fire, or the property was condemned for the public use, or the landlord refused to renew a lease of the premises in which the store was conducted, the privilege granted by the exception should thereupon cease and determine.  All that was intended by the exception in question was, that the person who was conducting a drug store as an unlicensed pharmacist, in order to be permitted to go on with the business must continue to own and conduct a drug store not uninterrupted in the absolute sense.  He continues the business uninterrupted within the meaning of the statute, even if he experiences temporary interruption, when he does not abandon the conduct of the business.  Whether or not he abandons the business of conducting a drug store or pharmacy depends upon the circumstances and is a matter to be determined upon the facts of each case.  If for example a building in which a drug store is being conducted by an unlicensed pharmacist is totally destroyed by fire, and it is impossible or impracticable for the druggist to continue business at that location, he would not be held to have abandoned the conduct of the drug business during a reasonable time required for him to adjust his affairs, obtain a new location and restock his store.

The same is true in relation to the situation of the petitioner. If he did not intend to abandon the drug business and with due diligence obtained a new location, he is entitled to a certificate of registration.

On this application the Attorney-General has filed an answer in which certain of the material allegations of the petition are put in issue.

A peremptory order of mandamus, therefore, cannot issue. Petitioner is, however, entitled to an alternative order of mandamus.

The petitioner questions the constitutionality of the act in question.  The practice of pharmacy is of such a nature as to permit its regulation by the Legislature.  In enacting section 234 of the

Public Health Law, I think the Legislature has adopted a reasonable regulation well within its authority under the Constitution. An alternative order of mandamus may be entered directing the New York State Board of Pharmacy immediately after the receipt thereof to transfer the registration certificate to Morris Tucker from 41 Manhattan avenue, Brooklyn, to 307 Warren street, Hudson, N. Y., or show cause why the command of such order should not be obeyed, and make return to the petition herein and to said order pursuant to the provision of the Civil Practice Act, within twenty days after its service at the office of the clerk of Albany county.