THOMAS W. LAMB, INC., Plaintiff, *v.* BOARD OF REGENTS OF THE STATE OF NEW YORK, Defendant.

Third Department, November 14, 1945.

*Cashin & Ewig*, attorneys (*John M. Cashin* and *Joseph L. Greenberg* of counsel), for plaintiff.

*Charles A. Brind, Jr.*, attorney for defendant.

FOSTER, J. This is a submission of a controversy on an agreed statement of facts, pursuant to sections 546 and 547 of the Civil Practice Act. The controversy concerns the interpretation and application of that part of subdivision 2 of section 1476 of the Education Law, which is as follows: " No corporation shall practice architecture in this state or be granted a license under this article but it shall be lawful for a corporation organized and existing under the laws of the state of New York, and which on or before the twelfth day of April nineteen hundred twenty-nine was legally incorporated to practice architecture and which has been continuously engaged in said practice since such time to prepare drawings, plans and specifications for buildings and structures which are constructed or their construction super-

vised by such corporation, provided that the chief executive officer of such corporation in the state of New York shall be a licensed architect under this article, and provided further that the supervision of such buildings and structures shall be under the personal supervision of said architect and that such drawings, plans and specifications shall be prepared under the personal direction and supervision of said architect and bear the stamp of his official seal. No such corporation shall be permitted to change its name and continue to practice architecture, except upon the written approval of the department."

Plaintiff is a stock corporation, organized on December 27, 1927, for several purposes, one of which was to carry on the business of architecture. Until February 26, 1942, one Thomas W. Lamb, a duly licensed architect, was its chief executive. He died on the date mentioned. A voluntary petition in bankruptcy was filed by the corporation in April, 1942, and a trustee was elected in the bankruptcy proceeding, who sold the corporate assets to the Engineers Club. Subsequently the Engineers Club reconveyed such assets to the plaintiff corporation. Subsequent to the death of Mr. Lamb, and up to November 1, 1944, the corporation did not have in its employ a registered licensed architect as its chief executive officer but had available to it the services of one John B. Sanger, who was a licensed architect, should commissions be obtained by the corporation. Sanger, however, did not at any time render any service to the corporation, and was not an employee.

After Mr. Lamb died and up to March, 1945, the corporation was not engaged in any project requiring architectural services, or other activities, but it continued to hold meetings of stockholders and directors. During this period the business pending at the death of Mr. Lamb was handled by a corporation known as Thomas W. Lamb Associates, Inc.

On May 2, 1944, the trustee in bankruptcy was discharged. Ninety-nine per cent of the creditors released their claims against the corporation. Since November 1, 1944, it has employed as a chief executive officer a registered and licensed architect. At no time was the corporation dissolved.

Upon substantially the foregoing facts plaintiff claims the right to practice architecture under the exemption contained in that portion of the statute heretofore quoted.

Under the statute only those corporations organized prior to April 12, 1929, for the purpose of practicing architecture, and which have since been continuously engaged in such practice, with a licensed architect as chief executive officer, may qualify

under the saving exemption. The plaintiff corporation fails to qualify for two reasons: (1) it has not been continuously engaged in the practice of architecture; (2) for several years it did not employ a licensed architect as its chief executive officer. Within the meaning of the statute plaintiff corporation's failure to practice architecture for a period of approximately three years, and the fact that it did not employ a licensed architect for over two years, inevitably leads to the conclusion that it abandoned its right to practice architecture under the statute. The facts of *Matter of Tucker* v. *New York State Bd. of Pharmacy* (127 Misc. 538) are not analogous. There the petitioner was dispossessed, and it was held that during the period he was seeking a new location he did not abandon the right to practice pharmacy.

Judgment for the defendant should be granted, without costs.

All concur.

Judgment for defendant on an agreed statement of facts granted, without costs.