[Civ. No. 1186. Fourth Appellate District.—July 16, 1936.]

E. G. MASTERS, Respondent, v. THE BOARD OF DENTAL EXAMINERS OF CALIFORNIA, Appellant.

Anthony J. Kennedy and H. E. Lindersmith for Appellant.

Wayne Compton for Respondent.

TURRENTINE, J., *pro tem.*—The respondent was suspended and his dental license revoked by judgment of the Board of Dental Examiners of California. This judgment was annulled by the Superior Court of San Diego County on writ of review from which order the Board of Dental Examiners has appealed. Defendant was found guilty under the second and third counts.

The respondent challenges the sufficiency of the second count to state a cause for suspension and revocation of license. The superior court rendered judgment "that count two of the accusation against petitioner does not state facts sufficient to constitute unprofessional conduct or any offense under the dental law of California". It reads as follows:

"That said E. G. Masters did, between March 1, 1934, and May 15, 1934, wilfully and unlawfully aid and abet an unlicensed person to practice dentistry unlawfully in the State of California, as follows:

"That between said dates said E. G. Masters permitted, authorized, allowed, aided and abetted an unlicensed person, to wit, Western Health and Hospital Corporation, Ltd.,

a corporation, to practice dentistry unlawfully in that between said dates said Western Health and Hospital Corporation, Ltd., a corporation, at San Diego, County of San Diego, State of California, did, for a fee, salary or reward, paid directly to it, offer to perform operations and/or treat diseases or lesions of human teeth, alveolar process, gums or jaws and correct malimposed positions thereof and did indicate that it would perform, through its agents or servants, operations upon the human teeth, alveolar process; and gums and jaws, all to the knowledge of said E. G. Masters, and did engage the said E. G. Masters to perform such treatment and/or operations, and that at all times herein mentioned said Western Health and Hospital Corporation, Ltd., a corporation, was not and is not now licensed to practice dentistry in the State of California.

"That by reason of said acts on the part of said E. G. Masters, said E. G. Masters aided and abetted said Western Health and Hospital Corporation, Ltd., a corporation, to practice dentistry in the State of California unlawfully."

As a matter of pleading we think the complaint is sufficient. It alleges in effect that a corporation did practice dentistry by offering to perform operations or treatment of diseases or lesions of the human teeth, alveolar process, and gums, etc., through its agents, for a fee. "A person practices dentistry within the meaning of this act who . . . (3) in any way indicates that he will perform by himself or his agents or servants any operation upon the human teeth, alveolar process, gums or jaws . . . " (Dental Practice Act, Stats. 1915, p. 698, as amended [Stats. 1935, p. 1472]; Deering's General Laws, Act 2048, sec. 11.) " . . . it is well settled that neither a corporation nor any other unlicensed person or entity may engage, directly or indirectly, in the practice of certain learned professions including the legal, medical and dental professions." (*Pacific Employers Ins. Co.* v. *Carpenter*, 10 Cal. App. (2d) 592 [52 Pac. (2d) 992].)

Count two further alleges that the practicing of dentistry by the corporation was done with the knowledge of respondent; that it did engage respondent to perform such treatments and operations and that the respondent aided and abetted said corporation to practice dentistry in the

state of California unlawfully. If this be true, then upon proof of facts sufficient to constitute the offense charged the Board of Dental Examiners had jurisdiction to suspend and revoke his dental license. "Any dentist may have his license revoked or suspended by the Board of Dental Examiners for any of the following causes: . . . (3) For unprofessional conduct . . . Unprofessional conduct is hereby defined to be . . . the aiding or abetting of any unlicensed person to practice dentistry; . . . " (Sec. 13, Dental Practice Act, *supra,* as amended [Stats. 1933, p. 529]). Inasmuch as a corporation cannot practice dentistry directly or indirectly (*Pacific Employers Ins. Co.* v. *Carpenter, supra*) it follows that it cannot obtain a license to practice dentistry, and if it does practice dentistry it is unlicensed. Since Penal Code, section 7, declares that "the word 'person' includes a corporation as well as a natural person", the term "unlicensed person" as used in section 13, subdivision 3 of the Dental Practice Act, *supra,* includes a corporation which practices dentistry. It follows that count two of the accusation against respondent does state facts sufficient to constitute unprofessional conduct and grounds for suspending or revoking his dental license.

 The third count charges respondent with unprofessional conduct in that he employed persons known as "cappers" or "steerers" to obtain business, and sets out the particular manner in which he is charged with committing this offense. Respondent's challenge to the third count is that the evidence produced before the Board of Dental Examiners was insufficient as a matter of law to prove the material allegations of the charge. It was so held by the superior court in considering the writ of review and we are in accord with such holding. There is no evidence in the record that respondent ever employed the Western Health and Hospital Corporation, Ltd., to obtain business for him. The only evidence of any connection between respondent and the Western Health and Hospital Corporation, Ltd., and in fact the only evidence which is relied upon to sustain the judgment of the Board of Dental Examiners is the testimony of two witnesses that a person at the office of the Western Health and Hospital Corporation, Ltd., gave them the name of the accused as a dentist for the corporation along with the names of other dentists. These conversations were out

of the presence of respondent and were admitted over the objection of counsel for respondent. ■ The admission of such evidence is forbidden by the provisions of the Code of Civil Procedure, section 1848. Furthermore, they would be inadmissible hearsay evidence. In *In re Richardson,* 209 Cal. 492, at page 499 [288 Pac. 669], the following rule is laid down: "The court can be asked in such review only to consider the sufficiency of legal evidence. We are of the view, therefore, that only legal evidence, as that term is understood among lawyers, should receive the consideration of the Board of Governors and committees of The State Bar in the exercise of the disciplinary features of the Bar Act." We think this rule should apply to the Board of Dental Examiners in the exercise of the disciplinary features of the Dental Practice Act. Hearsay evidence alone would not support the charge contained in the third count. (*Thrasher* v. *Board of Medical Examiners,* 44 Cal. App. 26 [185 Pac. 1006]; *Englebretson* v. *Industrial Acc. Com.,* 170 Cal. 793 [151 Pac. 421].)

As to count three the judgment is affirmed. As to count two the judgment is reversed.

Barnard, P. J., and Jennings, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 14, 1936.