Per Curiam.

The amended complaint of Paramount Pad Co., Inc., alleged two causes of action; one against defendant Baum-rind for breach of contract, the other against Easter Shoulder Pad Corp. and its president, for inducing the breach, seeking damages in the amount of $75,000 against the1, defendants in each cause of action.
The contract provides that Baumrind, who had left the employ of Paramount six" months prior to the execution of the agreement, would not solicit as a salesman, directly or indirectly, Paramount’s customers for a period of three years in consideration of the payment to him of the sum of $3,000. It further provides that Baumrind would not divulge the names of Paramount’s customers. Lastly, it provides that Baumrind must obtain the written permission of Paramount before he could accept any position in the shoulder pad industry.
The restrictions set forth in the agreement exceed the degree of protection to which Paramount was entitled in order to preserve its legitimate interests. On its face the agreement unreasonably prevents the former employee, Baumrind, from pursuing his occupation where no harm would come to Paramount. Where the restraint imposed is more extensive than the legitimate interests sought to be protected, the restraint is *397 invalid. Absent a breach of confidence, an employer cannot exact from a former employee an agreement to refrain from putting to use the experience gained while working at his trade. (Kaumagraph Co. v. Stampagraph Co., 235 N. Y. 1, 9; Clark Paper & Mfg. Co. v. Stenacher, 236 N. Y. 312, 320; cf. Lynch v. Bailey, 300 N. Y. 615.)
This contract is contrary to the public policy of the State (General Business Law, § 340). Hence an action may not be maintained for its breach, nor for inducing its breaclnj
In order to appeal as of right plaintiff had a judgment absolute entered waiving the Appellate Division’s modification. Since the restraint in the contract here extends far beyond the interests sought to be protected, no useful purpose will be served in granting leave to amend the complaint.
Accordingly the judgment of the Appellate Division should be affirmed, insofar as it dismissed the complaint, with costs.
Chief Judge Conway and Judges Desmond, Dye, Fuld, Froessel, Van Voorhis and Burke concur.
Judgment affirmed.