■ Zodiac Imports, Ltd., Respondent, v Sam Levis, Appellant, et al., Defendants.—Order, Supreme Court, New York County, entered January 14, 1976, granting plaintiff's motion for a preliminary injunction, unanimously modified, on the law and in the exercise of discretion as hereinafter indicated, without costs and without disbursements. Appellant Levis challenges the terms of the restrictive covenant in his employment contract with plaintiff, claiming that it is so broad as to be unreasonable and contrary to public policy. There appears to be a legal basis for this argument (*Purchasing Assoc. v Wertz*, 13 NY2d 267; *Paramount Pad Co. v Baumrind*, 4 NY2d 393; *Lynch v Bailey*, 300 NY 615; *Kaumagraph Co. v Stampagraph Co.*, 235 NY 1). That issue need not be determined now, since we are not satisfied there was a sufficient averment below by plaintiff that appellant had acquired, through said employment, knowledge of certain trade secrets which if utilized would cause irreparable damage to plaintiff unless restrained by court order. It is undisputed that appellant had considerable experience in the same sphere of the shoe industry as plaintiff. Plaintiff has failed to demonstrate that appellant's services were unique or extraordinary. Appellant denied he learned any trade secrets or acquired any confidential information in the course of his employment by plaintiff, nor has plaintiff made a showing that appellant has done so. We do find, however, a sufficient factual basis to restrain appellant from dealing with plaintiff's former customers. Accordingly, the injunction *pendente lite* issued below should be modified to the extent that appellant's projected activities are restricted only insofar as they relate to said customers and under the circumstances to order an immediate trial of all issues of fact. The argument and briefs discuss the question of whether plaintiff's counsel should be disqualified. However, there was no direct notice of motion to that effect in the court below and the Special Term Justice did not pass upon the question. Appellant's attorneys represented to this court in an affidavit dated January 23, 1976 on the motion for a stay that they had been informed by Judge Spiegel's office that the argument was not properly raised and they further represented that "an application to disqualify will be made shortly." Accordingly, this aspect of the matter should not be passed upon until raised directly by a notice of motion, thus giving each side direct notice that they are required to make a full record on the point below. Settle order on notice. Concur—Kupferman, J. P., Birns, Silverman, Lane and Nunez, JJ.

■ In the Matter of Keith J., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order entered in the Family Court, Bronx County, on May 7, 1975 adjudicating appellant a juvenile delinquent and placing him on probation for one year, unanimously affirmed, without costs and without disbursements. The order appealed from was made following a fact-finding determination that appellant committed an act of juvenile delinquency, to wit, robbery in the second degree. The record supports the finding beyond a reasonable doubt. Appellant's own testimony places him at the scene of the robbery and in the fleeing group of juveniles who had taken the victim's property after assaulting her. His claim that he was present at the scene of the crime for an innocent purpose is unsupported and was not credited by the trial court. Concur—Stevens, P. J., Markewich, Kupferman, Lupiano and Nunez, JJ.