Wachtler, J.
(dissenting). The order of the Appellate Division should be affirmed insofar as it dismissed the suit against De Dietrich for lack of jurisdiction.
The relevant portion of CPLR 302 (subd [a]) provides that the courts of this State may exercise personal jurisdiction over a nondomiciliary who "(3) commits a tortious act without the state causing injury to person or property within the state * * * if he * * * (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.” Here it is claimed that the defendant Wetzel acquired trade secrets from the plaintiff, a New York corporation, during the course of his employment and that disclosure to or use of them by the defendant De Dietrich, a New Jersey corporation, would cause injury to the plaintiff in this State. There is however no claim that De Dietrich is using the plaintiffs trade secrets nor, in fact, is there any contention that Wetzel has actually disclosed any trade secrets to De Dietrich. The only action which De Dietrich has taken thus far is to employ Wetzel and it is conceded that this is not prohibited by the trade secret agreement Wetzel signed while in the plaintiffs employ.
There is no need at this stage to consider whether there has been a sufficient showing that Wetzel does in fact possess trade secrets or, the more difficult question, as to whether disclosure or use of them would cause injury in New York. Even if these factors could be sufficiently established, De Dietrich would still not be subject to jurisdiction under the statute unless it had acted tortiously with respect to the information. The preliminary and fundamental requirement for asserting jurisdiction pursuant to CPLR 302 (subd [a], par 3) is that the defendant has committed "a tortious act”. Furthermore, although cogent arguments could be made that the Legislature might, and perhaps should, extend the reach of the long-arm statute to include cases where a nondomiciliary’s conduct threatens harm in New York, the wording and history of the present section show that all it was intended to accomplish was to confer jurisdiction in those cases where a nondomiciliary has actually committed a tort (see Twelfth Ann Report of NY Judicial Conference, 1967, pp 339-344). The question then is not whether De Dietrich’s hiring of Wetzel *209 threatens harm to the plaintiff sufficient to obtain anticipatory or injunctive relief, but whether this act itself may be said to constitute a completed tort.
The plaintiff concedes that normally the hiring of an individual is an innocent act but contends that in this case it became tortious because De Dietrich hired Wetzel in order to "gain access to plaintiff’s trade secrets.” The majority, however, attempts to make a better case for the plaintiff. According to the majority the "probable inferences from the admitted and controverted facts indicate a conscious plan to engage in unfair competition and misappropriation of Sybron’s trade secrets.” The implication apparently is that both defendants have entered a conspiracy to misappropriate trade secrets belonging to the plaintiff.
Traditionally tort liability has only been found in those cases where there has been actual disclosure or use of trade secrets (see, e.g., Restatement, Torts, §§ 757, 758, 759; Town & Country House & Home Serv. v Newbery, 3 NY2d 554). Neither the plaintiff nor the majority have cited any case or authority in which it has been held or suggested that the hiring of a competitor’s former employee is a tortious act in itself because, under the circumstances, it may be inferred that there may be an intention or agreement to obtain trade secrets.
In my view there are sound policy reasons why the De Dietrich’s hiring of the plaintiff’s former employee should not be considered an actionable wrong. The law with respect to trade secrets represents a delicate balance of competing interests. On the one hand there is the employer’s legitimate concern with preventing employees or former employees from disclosing trade secrets for use by competitors (see, e.g., Kaumagraph Co. v Stampograph Co., 235 NY 1, 6). On the other hand the employee has a legitimate right to move from place to place and to advance in his trade by seeking other employment opportunities (see, e.g., Reed, Roberts Assoc. v Strauman, 40 NY2d 303, 307). Beyond the private concerns there is the public interest in insuring the existence of a large and mobile force of skilled workers in a mechanized economy based on competition (Reed, Roberts Assoc. v Strauman, supra, at p 307). Thus while the law recognizes the right of an employer to protect his trade secrets it seeks to insure that he does not stifle competition (Kaumagraph Co. v Stampograph Co., supra, at p 6). And because "powerful considerations of *210 public policy * * * militate against sanctioning the loss of a man’s livelihood” the courts will not grant an employer more relief than is necessary to prevent the former employee’s use or disclosure of trade secrets (Purchasing Assoc. v Weitz, 13 NY2d 267, 272; see, also, Town & Country House & Home Serv. v Newbery, 3 NY2d 554, supra; Paramount Pad Co. v Baumrind, 4 NY2d 393).
In this case there is no legitimate reason for recognizing the plaintiffs claim that De Dietrich’s hiring of Wetzel should be considered an actionable wrong. The plaintiff does not seek damages and indeed the majority notes that any injury is "still anticipated”. Characterizing this defendant’s conduct as tortious is only necessary to avoid the restrictions of the long-arm statute which would otherwise deny the courts of this State jurisdiction to grant the plaintiff the injunctive relief it actually seeks.
By reaching out to find jurisdiction in this case the majority has created a cause of action which can only serve to further inhibit the movement of skilled workers from one employer to another. In fact, in many instances it may result in their becoming virtual serfs of their former employers. Undoubtedly most skilled employees are privy to some trade secrets or procedures which their employers consider confidential. Thus in any case where a skilled worker obtains employment with a rival, an inference may be drawn that it was contemplated or agreed that the employee will disclose or use his former employer’s trade secrets. Consequently, in virtually any case, one who merely hires a skilled employee will run the risk of being found guilty of unfair competition, even though there has been no actual disclosure or use of the former employer’s trade secrets. This additional impediment is not outweighed or even justified by any legitimate interest the plaintiff, or the majority, has demonstrated in this case.
Accordingly I would affirm the Appellate Division’s dismissal of the suit against De Dietrich.
Judges Jasen, Jones and Fuchsberg concur with Chief Judge Breitel; Judge Wachtler dissents in part and votes to modify in accordance with his dissenting opinion in which Judge Cooke concurs; Judge Gabrielli taking no part.
Order modified, with costs, in accordance with the opinion herein and, as so modified, affirmed.