*Supp. 16 Opinion
FAINER, P. J.
Plaintiff Renaissance Realty, Inc., a licensed corporate real estate broker, was awarded judgment on its complaint for the sum of $3,600 compensatory damages against defendants Mr. and Mrs. Soriano and Mr. and Mrs. Tambaoan, for $500 punitive damages against defendants Soriano and for $500 punitive damages against defendants Tambaoan. This judgment is based upon plaintiff’s third cause of action for tortious interference with a contractual or business relationship. Cross-complainants Soriano were given a judgment against cross-defendants Sy, real estate brokers working for or associated with Renaissance Realty, Inc., for fraud in the sum of $184 compensatory damages and $500 punitive damages. Defendants Soriano and Tambaoan appealed from the judgment in favor of Renaissance Realty, Inc., plaintiff Renaissance Realty, Inc., appeals from the judgment to the extent that it was in favor of defendant Tyndall on the complaint, and cross-defendants Sy appeal from the judgment in favor of cross-complainants Soriano.
Plaintiff Renaissance Realty, Inc., had sold the home of defendants Soriano. These defendants, using Renaissance Realty, Inc., as their procuring agents, pursuant to an oral agreement, were interested in buying another home owned by defendant Tyndall. Tyndall was offering his house for sale because he was leaving the country. Tyndall, attempting to sell the property without the assistance of a real estate broker, told Mrs. Sy, as a representative of Renaissance Realty, Inc., acting as the real estate broker of the Sorianos, that he wanted $67,000 net from the sale. He then signed a special and limited exclusive agreement with Renaissance Realty, Inc., to sell his property to the defendants Soriano for $73,000 provided the sale could be completed within 60 days. The difference between the $67,000 and the $73,000 was to cover broker’s commission, escrow, and closing costs. Defendants Soriano were never told by plaintiffs Renaissance Realty, Inc. or by cross-defendants Mr. and Mrs. Sy, that the price of the Tyndall property was increased to include a broker’s commission of $3,600. We note at this time that such a breach of a fiduciary relationship by the nondisclosure or concealment of the secret profit was actionable fraud. (Black v. Shearson, Hammill & Co. (1968) 266 Cal.App.2d 362, 367, 368 [72 Cal.Rptr. 157] (a fiduciary relationship); Cooper v. Jevne (1976) 56 Cal.App.3d 860, 866 [128 Cal.Rptr. 724].)
*Supp. 17 Renaissance Realty, Inc., experienced some difficulty in getting a loan commitment on the Tyndall property at -the $73,000 price. One institution was unable to provide the loan based upon the sales price in light of its appraisal of the property. Mrs. Sy testified she did have another lending institution that appeared willing to make an immediate loan satisfactory to the needs of the defendants Soriano. In the meantime, defendants Tambaoan (Mr. Tambaoan was a licensed real estate broker and a relative of defendants Soriano) were aware of the economically beneficial contractual relationship between Renaissance Realty, Inc., as real estate broker, the Sorianos as purchasers, and Tyndall as the seller, which included a broker’s commission for Renaissance Realty, Inc. Defendants Tambaoan nevertheless convinced defendants Soriano to tell Renaissance Realty, Inc., that they were no longer interested in the Tyndall house when it became evident that the first lending institution was not going to make a satisfactory loan commitment and even though there was still some time before the escrow was to close. Knowing this reason to be untrue, the Sorianos told the Sys they did not want to purchase the Tyndall property and the Tyndall-Soriano escrow was then terminated. While the Sorianos were in the process of arranging to cancel the escrow, defendants Tambaoan were discussing a possible purchase of the Tyndall property with Mr. Tyndall for the net sum of $67,000. When the Tyndall-Soriano escrow was terminated with the sale unconsummated, defendants Tambaoan then purchased the Tyndall home for $67,000 and immediately sold it to defendants Soriano for $71,000. The trial court, in its memorandum opinion, found the conduct of defendants Tambaoan to be “reprehensible” and “inexcusable.”
We conclude from the record before us that the business relationship or economic relationship that was allegedly interfered with by the conduct of the defendants Tambaoan and Soriano was the exclusive but limited agreement between plaintiff Renaissance Realty, Inc. and defendant Tyndall to sell the Tyndall property to defendants Soriano for $73,000, which included the secret undisclosed commission of $3,600 to plaintiff Renaissance Realty, Inc. We now hold that this fraudulently conceived contractual relationship cannot be the basis of the tort of interference with a contractual relationship. We are aware of the fact that California courts have recognized the broad scope of the tort of interference with a prospective contractual advantage and its application to real estate brokers acting without an enforceable written contract. (Buckaloo v. Johnson (1975) 14 Cal.3d 815, 824-826 [122 Cal.Rptr. 745, 537 P.2d 865]; Zimmerman v. Bank of America (1961) *Supp. 18 191 Cal.App.2d 55, 58 [12 Cal.Rptr. 319].) Those cases, however, deal with the concept of an unenforceable contract because of the statute of frauds, formal defects, lack of consideration, or uncertainty. The California courts, however, although recognizing the need for broad protection against such interference, and making the tort relief available even in the absence of any contract, have not gone so far as to make this relief available where the relationship was secured by the fraudulent conduct of the party alleged to be injured by the interference.
Our research has disclosed no California case on this issue. We must make a distinction between those contractual or business relationships unenforceable because of the statute of frauds, formal defects, lack of consideration or uncertainty, and those which are invalid because they are illegal or against public policy. (See Gunnels v. Atlanta Bar Association (1940) 191 Ga. 366 [12 S.E.2d 602, 132 A.L.R. 1165] (illegal contract); Paramount Pad Co. v. Baumrind (1958) 4 N.Y.2d 393 [175 N.Y.S.2d 809, 151 N.E.2d 609] (unreasonable contract against public policy).) We now add that a fraudulently procured contract cannot be the subject of the tort of interference with a business or contractual relationship.
While the defendants Tambaoan did knowingly, tortiously, interfere with an economic relationship between plaintiff Renaissance Realty, Inc., the seller Tyndall and the purchasers Soriano, with full knowledge that this business relationship contained an economic benefit for plaintiff Renaissance Realty, Inc., we cannot permit this tort to be extended to encompass a fraudulently procured relationship or economic or contractual relationship. The judgment in favor of plaintiff Renaissance Realty, Inc., as to defendants Tambaoan and Soriano is reversed.[1]
We next turn to the contention on appeal of plaintiffs Renaissance Realty, Inc., that the trial court erred in failing to give it a judgment against defendant Tyndall for the real estate broker’s commission on a breach of contract theory. As the trial court points out in *Supp. 19 its memorandum opinion, the commission agreement between plaintiff Renaissance Realty, Inc., and Tyndall was for a sale only to defendants Soriano. Tyndall was unaware of the tortious conduct of the other defendants and when the Soriano escrow appeared to be drawing to an unsuccessful close, Tyndall was free to consider other alternatives without any obligation to plaintiffs Renaissance Realty, Inc. The sale to the Tambaoans was made only after the Soriano escrow was cancelled. The trial court found that Tyndall was unaware of the relationship between defendants Tambaoan and defendants Soriano. There was substantial evidence to support this finding and the judgment in favor of defendant Tyndall on the complaint. (Crawford v. Southern Pacific Co. (1935) 3 Cal.2d 427, 429 [45 P.2d 183].)
Finally, we consider the judgment against the individual real estate brokers or agents, employed or associated with plaintiff Renaissance Realty, Inc., cross-defendants Mr. and Mrs. Sy. As we have pointed out, a continuing fiduciary relationship existed between them and the Sorianos from the time the Sorianos’ first home was sold by Renaissance Realty, Inc. While the defendants Soriano originally relied upon the cross-defendants Sy when the Sorianos sought to purchase the Tyndall property, the Sorianos themselves were guilty of fraudulent and dishonest conduct in cancelling the arrangement with the expectation that they could get the property at a lower price from their cousin, Mr. Tambaoan, probably not realizing that something was being added to this price by the Tambaoans to enable them to make a secret profit. Under the circumstances, the trial court’s determination that the cross-defendants Mr. and Mrs. Sy were guilty of fraud in concealing from the Sorianos the net price Tyndall wanted is not a proper basis for awarding a fraud judgment in favor of the Sorianos on their cross-complaint against cross-defendants Sy. The Sorianos did not rely upon the fraud of the Sys to their detriment. We hold that the damages, if any, suffered by the cross-complainants Soriano were not the result of concealment of the secret broker’s commission by cross-defendants Sy. If the Sorianos suffered any damages, it was because of the concealment of the brokers’ commission received by defendants Tambaoan, who had joined with the Sorianos to tortiously breach the contractual relationship in which Renaissance Realty, Inc., had a prospective business advantage, to wit, a brokers’ commission.
In concluding our discussion of the subject real estate transactions, in which various parties sought damages in a court of law, we are struck with the appropriateness of the following maxim of jurisprudence as the *Supp. 20 basis of denying any relief to the parties guilty of fraud or other tortious conduct; “Between those who are equally ... in the wrong, the law does not interpose.” (Civ. Code, § 3524.)
The judgment in favor of the plaintiff Renaissance Realty, Inc., on the complaint as against defendants Tambaoan and defendants Soriano is reversed. The judgment on the complaint as to defendant Tyndall is affirmed. The judgment on the cross-complaint in favor of Mr. and Mrs. Soriano and against Mr. and Mrs. Sy is reversed. Defendant Tyndall to recover his costs on appeal. All other parties are to bear their own costs.
Foster, J., and Jones, J., concurred.

We point out that the defendants Soriano were also contracting parties in the transaction for the sale of the Tyndall property. A contracting party is not a proper party tortfeasor in this tort of interference with a business relationship or in inducing a breach of contract. (Dryden v. Tri Valley Growers (1977) 65 Cal.App.3d 990, 998-999 [135 Cal.Rptr. 720].) This is an additional reason for reversing the judgment of plaintiff Renaissance Realty, Inc., against the defendants Soriano.