(June 10, 1986)

■ CHARLES BAUR, Individually and Doing Business as BAUR'S DELIVERY SERVICE, et al., Respondents, v SCOTT WEINSTEIN, Individually and Doing Business as YORK DELIVERY SERVICE, Appellant, et al., Defendant.—Order, Supreme Court, New York County (Fingerhood, J.), entered August 30, 1985, which, *inter alia,* set the above-entitled action down for an immediate trial and waived the filing of a statement of readiness, reversed, to the extent appealed from, on the law, and the provisions for such trial and waiver are deleted, without costs.

Special Term lacked authority, under then-existing New York and Bronx County Supreme Court Rules, to order an immediate trial without the consent of the parties, particularly since issue had not been joined. (Rules of Sup Ct, NY & Bronx Counties [22 NYCRR] § 660.8 [a] [5]; *Lanza v Penthouse Intl.,* 79 AD2d 957 [1st Dept 1981]; *Jacobson v Moskowitz,* 31 AD2d 903 [1st Dept 1969].) Contrary to defendant Weinstein's contention, joinder of issue as contemplated by local court rule 660.8 (a) (5) was not effected by his service of an answer after Special Term had rendered its memorandum decision and before the order had been entered.

We lack power to grant affirmative relief to plaintiff as to the balance of Special Term's order because he did not cross-appeal. This is not the exceptional case where such relief is necessary in order to accord full relief to the party who has appealed. *(Hecht v City of New York,* 60 NY2d 57, 61-62 [1983].) Contrary to the assumption of the parties, Special Term's denial of plaintiff's application for an order to show cause for a temporary restraining order constituted an effective denial of the concomitant motion for a preliminary injunction. Plaintiff, however, if so advised, should renew his request for a preliminary injunction at Special Term. *(But see, Leo Silfen, Inc. v Cream,* 29 NY2d 387, 392-393 [1972]; *Paramount Pad Co. v Baumrind,* 4 NY2d 393 [1958].) Concur— Murphy, P. J., Sandler, Milonas, Kassal and Rosenberger, JJ.