105 Cal.Rptr.2d 147 (2001)
87 Cal.App.4th 1064
CAPPIELLO, HOFMANN & KATZ, P.C., Plaintiff and Respondent,
v.
Thomas J. BOYLE et al., Defendants and Appellants.
No. A089477.
Court of Appeal, First District, Division Three.
March 16, 2001.
Ordered Not Officially Published July 11, 2001.[*]
*149 Law Offices of Thomas J. Boyle and Thomas J. Boyle, San Francisco, and W. Ruel Walker, for Appellant.
Mathew Stephenson, Kochan & Stephenson, for Respondent.
*148 PARRILLI, J.
It is settled that interference with an unenforceable contract may give rise to liability in tort for interference with prospective economic advantage. This case demonstrates a qualification of that rule. If a contract is unenforceable because it is illegal, it cannot give rise to a claim for interference with prospective economic advantage.
The law firm of Cappiello, Hofmann & Katz, P.C. (Cappiello) sued the law firm of Boyle, Berschler, Moline and Allison, as well as the individual members of the Boyle firm (collectively, Boyle). Cappiello alleged that Boyle had intentionally interfered with its prospective economic relationships with 12 clients, by improperly and successfully soliciting those clients' business. Cappiello had obtained written contingency agreements from these clients, but on a motion for summary adjudication the court found the contracts unenforceable. Cappiello had never registered as a law corporation with the State Bar. Its principal attorney in California testified that he first learned of the registration requirement during pretrial proceedings. Although he had obtained the necessary paperwork by the time of trial, it was never submitted to the State Bar.
After a bench trial, the court tentatively ruled in Boyle's favor. Boyle had persuaded the court that the cause of action for interference with prospective economic advantage was defective due to Cappiello's failure to register with the State Bar and obtain the certificate required for a law corporation to render professional services, under Corporations Code section 13404 and Business and Professions Code section 6160 et seq. However, the court ultimately decided that whether Cappiello's failure to register resulted in its contracts being void or voidable, it could still maintain its claim under Zimmerman v. Bank of America (1961) 191 Cal.App.2d 55, 12 Cal.Rptr. 319, and PMC, Inc. v. Saban Entertainment, Inc. (1996) 45 Cal.App.4th 579, 52 Cal.Rptr.2d 877. The court determined that Boyle's solicitation was wrongful, since it violated Rule 1-400(C) of the Rules of Professional Conduct. It awarded Cappiello damages in the amount of a 33 % percent contingency fee on the recoveries obtained by each of the 12 clients who shifted from Cappiello to Boyle.
We reverse. Having failed to properly qualify itself as a California law corporation, Cappiello was engaged in the unauthorized practice of law, a misdemeanor. (See Pen.Code, § 1390 et seq. [criminal prosecution of corporations].) The prospective economic advantages to be gained by Cappiello from that illegal activity are not protected by the law. It appears, however, that at least one of the cases at issue was handled by Cappiello in New York. So long as the case did not involve the practice of law in California, and Cappiello was properly qualified to practice law in New York, Cappiello may pursue damages related to the New York case (and any similar cases) on remand.

DISCUSSION

1. Interference With an Illegal Contract Is Not Actionable

"The tort of intentional interference with prospective business advantage ... is premised on the ideal `"[e]veryone has the right to establish and conduct a lawful business and is entitled to the protection of organized society, through its courts, whenever that right is unlawfully invaded."'" (Institute of Veterinary Pathology, Inc. v. California Health Laboratories, Inc. (1981) 116 Cal.App.3d 111, 125, 172 Cal.Rptr. 74, quoting Buxbom v. Smith (1944) 23 Cal.2d 535, 546, 145 P.2d 305; accord, Settimo Associates v. Environ Systems, Inc. (1993) 14 Cal.App.4th *150 842, 845, 17 Cal.Rptr.2d 757; PMC, Inc. v. Saban Entertainment, Inc., supra, 45 Cal. App.4th at p. 595, 52 Cal.Rptr.2d 877.) The same interest is protected by the related tort of interference with contract. (Pacific Gas & Electric Co. v. Bear Stearns & Co. (1990) 50 Cal.3d 1118, 1126, 270 Cal.Rptr. 1, 791 P.2d 587; see also PMC, Inc. v. Saban Entertainment, Inc., supra, 45 Cal.App.4th at pp. 594-595, 52 Cal.Rptr.2d 877.)
In PMC, Inc. v. Saban Entertainment, Inc., supra (PMC), the court reviewed the law on these two torts in cases involving contracts of questionable validity. Building on our Supreme Court's decision in Delia Penna v. Toyota Motor Sales, U.S.A, Inc. (1995) 11 Cal.4th 376, 45 Cal.Rptr.2d 436, 902 P.2d 740, the PMC court drew a clear line between interference with contract and interference with prospective business advantage, based on whether the underlying contract was enforceable. Justice Croskey, writing for Division Three of the Second District, reasoned that determining whether the plaintiffs contract was "void" or "voidable" is less useful than simply considering whether it could be enforced. If the agreement was enforceable, the logical claim is for interference with contract. If not, the plaintiff could not count on performance of the contract and enjoyed nothing more than an expectancy. Therefore, any interference by a stranger would disturb only a prospective relationship, and interference with prospective economic advantage is the appropriate cause of action. Interference with prospective economic advantage is more difficult to prove than interference with contract. It entails an enhanced burden of proving intentionally wrongful conduct by the defendant, and permits the defendant a broader defense based on the competition privilege. (PMC, supra, 45 Cal.App.4th at pp. 595-602, 52 Cal.Rptr.2d 877; accord, Bed, Bath & Beyond of La Jolla, Inc. v. La Jolla Village Square Venture Partners (1997) 52 Cal.App.4th 867, 878-879, 60 Cal.Rptr.2d 830.)
We fully agree with the analysis and views expressed in PMC. However, PMC does not stand for the proposition that there is a tort remedy for interference with all unenforceable contracts. Only lawful enterprises are entitled to the protection of the courts when wrongfully disrupted. Many contracts are unenforceable but not illegal, and the benefits they afford may become the subject of claims for interference with prospective economic advantage. (E.g., Buckaloo v. Johnson (1975) 14 Cal.3d 815, 827, 122 Cal.Rptr. 745, 537 P.2d 865, disapproved on other grounds in Delia Penna v. Toyota Motor Sales, U.S.A., Inc., supra, 11 Cal.4th 376, p. 393, fn. 5, 45 Cal.Rptr.2d 436, 902 P.2d 740 [failure to comply with statute of frauds]; Bed, Bath & Beyond of La Jolla, Inc. v. La Jolla Village Square Venture Partners, supra, 52 Cal.App.4th at pp. 877, 879, 60 Cal.Rptr.2d 830 [same]; SCEcorp v. Superior Court (1992) 3 Cal.App.4th 673, 678, 4 Cal.Rptr.2d 372 [contract subject to regulatory approval as condition precedent]; PMC, supra, 45 Cal.App.4th at p. 604, 52 Cal.Rptr.2d 877 [failure to meet writing requirement of Copyright Act].) But it has long been the law that an illegal contract cannot support a cause of action for tortious interference with a business relationship. (Renaissance Realty v. Soriano (1981) 174 Cal.Rptr. 837, 120 Cal. App.3d Supp. 13, 18; 5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 646, p. 734.)
PMC did not alter this settled rule, which developed in the context of interference with contract. (5 Witkin, Summary of Cal. Law, supra, Torts, § 646, p. 734; Prosser & KEETON, Torts (5th ed.1984) § 129, pp. 994-995.) The rule applies equally to interference with prospective economic advantage when the claim is based on an unenforceable contract. (2 Dobbs, The Law of Torts (2001) § 450, pp. 1275-1276.) In the case before us, the trial court apparently misunderstood the statement in PMC that "[i]f there is no enforceable contract, for whatever reason, *151 the plaintiff may only plead a cause of action against the stranger for intentional interference with prospective economic advantage." (45 Cal.App.4th at p. 602, 52 Cal.Rptr.2d 877, italics in original; see also id. at p. 597, 52 Cal.Rptr.2d 877, identifying illegality and violation of public policy as grounds for voiding a contract.) This sentence means only that the most a plaintiff with an unenforceable contract can plead is interference with prospective economic advantage. It does not say such a plaintiff can always pursue that claim. The reason a contract is unenforceable is not relevant in determining whether the proper claim is interference with contract or interference with prospective economic advantage. But it is relevant in determining whether a claim for interference with prospective economic advantage is viable, because the disrupted relationship must have been a legitimate one for the plaintiff to recover damages.[1]

2. The Practice of Law by an Unregistered Corporation Is Illegal

Every law corporation must apply to the State Bar for a certificate of registration, which must be renewed annually. (Bus. & Prof.Code, §§ 6161, 6161.1.) Without such a certificate, a corporation is not entitled to practice law. (Bus. & Prof.Code, § 6160; Corp.Code, § 13404.) To obtain a certificate, a law corporation must provide the State Bar with evidence of security for malpractice claims by clients, in forms and amounts specified by Law Corporation Rule IV-B. Registered law corporations are required to report changes of personnel to the State Bar. (Bus. & Prof.Code, § 6162.) They must also file annual reports with the State Bar. Failure to file an annual report, or to renew the certificate of registration, or to pay the registration fee, will result in suspension of a corporation's certificate. (Bus. & Prof.Code, § 6163.)
Before passage of the Professional Corporation Act in 1968, corporations were deemed unlicensed persons and were forbidden to practice law. (People v. Merchants Protective Corp. (1922) 189 Cal. 531, 538, 209 P. 363; Masters v. Board of Dental Examiners (1936) 15 Cal.App.2d 506, 508;, 59 P.2d 827, 1 Witkin, Cal. Procedure (4th ed. 1996) Attorneys, § 401, pp. 492-493, and § 49, p. 80.) Business and Professions Code section 6127.5, one of the provisions enacted by the Professional Corporation Act, exempts "duly certificated" law corporations from the statutory penalties against the unauthorized practice of law. Without certification, a corporation offering legal services is committing a misdemeanor under Business and Professions Code section 6126, and contempt of court under Business and Professions Code section 6127. It is also, of course, evading the financial responsibility requirements of the law corporation rules and the oversight of the State Bar, particularly the provisions intended to assure that all directors, officers, and shareholders are licensed attorneys. (Bus. & Prof. Code, §§ 6161, 6162; Law Corporation Rule IV.) Like an unlicensed attorney, an unregistered corporation is barred from recovering compensation for any legal services it provides. (Cf. Birbrower, Montalbano, Condon & Frank v. Superior Court *152 (1998) 17 Cal.4th 119, 127, 70 Cal.Rptr.2d 304, 949 P.2d 1.)
Despite its failure to register, Cappiello characterizes itself in its brief as a "duly constituted" professional corporation. It is not. "A law corporation is a corporation which is registered with the State Bar of California and has a currently effective certificate of registration from the State Bar pursuant to the Professional Corporation Act...." (Bus. & Prof.Code, § 6160; see also Corp.Code, § 13401, subd. (b) [a "Professional corporation" is one "engaged in rendering professional services ... pursuant to a certificate of registration"].) Cappiello does not meet the legal requirements of a professional corporation.
Cappiello also contends that its individual attorneys, not the corporation, practiced law in California. Since the attorneys were licensed, and were compensated directly by the clients, the prohibition against unauthorized corporate legal practice does not apply, according to Cappiello. This argument is specious. There is no dispute that the clients at issue in this case contracted with the corporation, not with individual attorneys. There is no individual plaintiff; only the Cappiello firm seeks to recover for interference with its economic relationship with its clients. The record does not support the claim that clients compensated their attorney directly. In any event, payments to an attorney would have been received on behalf of his or her employer, the corporation. An unregistered corporation may not avoid the statutory requirements for professional practice simply by hiring licensed professionals. Such transparent evasion of the Professional Corporation Act is not acceptable. (Cf. People v. Merchants Protective Corp., supra, 189 Cal. at p. 538, 209 P. 363 [indirect practice of law by corporation hiring attorneys "would be an evasion which the law will not tolerate"].)
Cappiello relies on the opinion of its ethics expert, Mark Tuft, who testified that while an unregistered corporation may not practice law, its individual attorneys who are active members of the bar may practice. He acknowledged it would be unethical for those attorneys to hold themselves out as members of a professional corporation. Cappiello suggests the corporate formalities are relevant only to the form of its business, and the tax and liability advantages available to corporations. Under the Professional Corporation Act, however, authorization to practice depends on compliance with the statutory requirements. And the testimony of Cappiello's principal California attorney makes it very clear that the practice was a corporate one. Questioned about the extent of Cappiello's corporate activities, he stated: "We represent clients and have represented quite a number of clients under Cappiello, Hofmann and Katz ...."
Thus, to the extent Cappiello was practicing law in California, the economic relationships it seeks to protect depended on contracts that were not merely voidable by the clients. These contracts were illegal under the statutory restrictions against unauthorized practice of law, and contrary to the public policies served by the Professional Corporation Act. No cause of action for interference with prospective economic advantage can arise from those contractual relationships. However, Cappiello may pursue any claims it might have regarding cases handled in other jurisdictions where it was authorized to practice, so long as the work did not involve the practice of law in California. (See Birbrower, Montalbano, Condon & Frank v. Superior Court, supra, 17 Cal.4th at pp. 137-138, 70 Cal.Rptr.2d 304, 949 P.2d 1.)

DISPOSITION
The judgment is reversed. Boyle shall recover its costs on appeal.
CORRIGAN, Acting P.J. and WALKER, J., concur.
NOTES
[*] The Supreme Court ordered that the opinion be not officially published. (See California Rules of CourtRules 976 and 977.)
[1] Not all causes of action are unavailable to a plaintiff whose contract is illegal due to the failure to obtain a professional license. The courts will hear claims that are incidental to the contractual relationship, and do not involve the protective concerns of the licensing law. (See, e.g., Holland v. Morse Diesel International (2001) 86 Cal.App.4th 1443, 104 Cal. Rptr.2d 239 [unlicensed subcontractor could sue for racial discrimination under federal civil rights statute]; Ranchwood Communities Limited Partnership v. Jim Beat Construction Co. (1996) 49 Cal.App.4th 1397, 1418-1421, 57 Cal.Rptr.2d 386 [unlicensed developers/contractors could not seek contractual indemnity, but could maintain causes of action for equitable indemnity and negligence].) A claim for interference with the prospective economic advantage arising from an unenforceable contract, however, is directly connected to the economic relationship reflected by the contract, and the policies underlying any licensing requirement governing the relationship are necessarily implicated.